TEXAS & N. O. R. CO. v. CUNNIFF.

(Court of Civil Appeals of Texas. Galveston. Nov. 22, 1913. Rehearing Denied Dec. 18, 1913.)

RAILROADS (§ 443*)—KILLING OF STOCK ON TRACK—EVIDENCE—SUFFICIENCY.

In an action against a railroad company for the killing of a horse on the track, evidence *held* to sustain a finding that the horse entered on the track at a point where railroad employés, putting in a new crossing negligently left an opening in the fence, authorizing a recovery.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1608–1620; Dec. Dig. § 443.*]

Error to Jefferson County Court; R. W. Wilson, Judge.

Action by J. F. Cunniff against the Texas & New Orleans Railroad Company. From a judgment for plaintiff, defendant brings error. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and Hightower, Orgain & Butler, of Beaumont, for plaintiff in error. O'Fiel & O'Fiel, of Beaumont, for defendant in error.

REESE, J. J. F. Cunniff sued the Texas & New Orleans Railroad Company in the justice court, to recover $150, the value of a mare alleged to have been killed by one of defendant's trains. On trial in the justice court he recovered judgment for $100. Defendant appealed, and in the county court plaintiff recovered a like judgment, from which this appeal is prosecuted.

A gang of men were engaged in putting in a new crossing about 100 yards from appellee's house. There was another crossing between a quarter and a half a mile south of this point. Appellant's track was fenced, but while engaged in the work of putting in the new crossing the men cut an opening in the fence. Their foreman testified that this place was kept open in the daytime, but that he was always careful to have it closed at night when the men quit work, so as to prevent stock straying upon the track, and that it was so closed on the night appellee's mare was killed. Appellee turned his mare out about 9 o'clock at night, and the next morning found her lying dead on the appellant's track at the old crossing aforesaid. She was lying in the culvert or stock gap on the south side of the crossing, and up against the south wall of this stock gap. She had a gash in her neck from near the shoulder to the ear. Appellee testified that he did not know whether any bones were broken or not. It is appellant's contention that the mare was struck on this crossing, and, as no negligence was shown in the operation of the train, appellant was not liable. Appellee contends that the fence where the men were working on the new crossing was negligently left open, and that his mare strayed onto the track through this opening, and that she became frightened by a train approaching from the north, and ran down the track to the north stock gap at the south crossing, where she was caught by the engine and carried across this crossing to the place where she was found, killing her. He testified that his mare was shod, and that the next morning he traced the tracks of a shod horse onto the track at the point where the new crossing

was being put in and down the track to the stock guard, at and north of the south crossing, where the tracks stopped. There were no signs of blood or hair at this point on the track, or of the mare having been dragged. If the mare was struck at this point by a train running even at ordinarily high speed, there is nothing unreasonable in the idea that she should be taken up by the cowcatcher of the engine and carried across the stock guard and the 30-foot roadway into the stock guard, where she was found. And it is not necessarily inconsistent with this that no signs of blood or hair, or other signs that the mare was struck at that point, were found on the track. Appellant lays much stress upon the fact that no bones were broken, which it is said was testified to by appellee. He did not so testify, but only that he did not see any broken bones. But it is reasonably certain that the mare was struck by an engine running south. Appellant contends she was struck on the crossing, and thrown into the stock guard, where she was found. That this could be easily done without breaking any bones, while it would be impossible that the mare should have been struck at the north cattle guard with such force as to carry her across the 30-foot roadway without breaking any bones, as contended by appellant, appears to us to be, in logic, a non sequitur. On the whole the evidence was sufficient to authorize the court's finding of fact that the mare entered upon the track at the point where the men were putting in the new crossing through an opening negligently left in the fence. This is the only question presented by the appeal.

The judgment is affirmed.

Affirmed.